**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| **JANE DOE and JOHN DOE,**<br>**As Parents and Natural Guardians of**<br>**JANE ROE, a Minor,** | : | **No. _____** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **RED LION AREA SCHOOL DISTRICT**<br>**696 Delta Road**<br>**Red Lion, PA 17356,** | : | |
| | : | |
| **and** | : | |
| | : | |
| **MICHAEL LANGAN**<br>**696 Delta Road**<br>**Red Lion, PA 17356,** | : | |
| | : | |
| **Defendants.** | : | |

---

## COMPLAINT

Plaintiffs, John Doe and Jane Doe, as Parents and Natural Guardians of Jane Roe, a Minor, hereby submit and file the following Complaint against Defendants, Red Lion Area School District and Michael Langan, and in support thereof, aver as follows:

### I.    PARTIES:

1.    Plaintiff, Jane Doe (hereinafter "Mother-Plaintiff" or "Ms. Doe"), is an adult individual who, at all times relevant hereto, was a citizen and resident of Red Lion, Pennsylvania, in the Commonwealth of Pennsylvania. Plaintiffs have filed a

Motion to Proceed Anonymously and to redact their home address from the pleadings on this same date.

2.     Plaintiff, John Doe (hereinafter "Father-Plaintiff" or "Mr. Doe"), is an adult individual who, at all times relevant hereto, was a citizen and resident of Red Lion, Pennsylvania, in the Commonwealth of Pennsylvania.

3.     Minor-Plaintiff, Jane Roe (hereinafter "Minor-Plaintiff" or "Ms. Roe"), is a minor child who is age five (5).

4.     This action is being brought on behalf of Father-Plaintiff, John Doe, and Mother-Plaintiff, Jane Doe, as Parents and Natural Guardians of Jane Roe, a Minor.

5.     Defendant, Red Lion Area School District (hereinafter referred to as "the School District") is believed and, therefore, averred to be a school district with a place of business at 696 Delta Road, Red Lion, PA 17356, and which regularly conducts and transacts business in this District.

6.     Defendant, Michael Langan (hereinafter referred to as "Mr. Langan"), is believed and, therefore, averred to be an adult individual and resident of the Commonwealth of Pennsylvania, and, at all times relevant hereto, was the Principal of Clearview Elementary School in the Red Lion Area School District.  Defendant, Michael Langan, is being sued in his individual capacity.

## II.    JURISDICTION & VENUE:

7.    Pursuant to 28 U.S.C. §§ 1331 and 1343, this Court has subject-matter jurisdiction over Plaintiffs' claims as the claims present a federal question.

8.    The Court has supplemental jurisdiction over Plaintiffs' state law claims pled herein pursuant to 28 U.S.C. § 1367(a).

9.    This Court has personal jurisdiction over Defendants because Defendants' contacts with this state and judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth in International Shoe Company v. State of Washington, 326 U.S. 310 (1945), and its progeny.

10.    Venue is proper under 28 U.S.C. §§ 1391(b)(l)-(2) because the Defendants reside in and/or conduct business in this judicial district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III.    CLAIMS FOR RELIEF:

**COUNT I:**
**VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972 ("TITLE IX"), 20 U.S.C. § 1681 – DELIBERATE INDIFFERENCE TO SEXUAL ASSAULT AND HARASSMENT**
**(PLAINTIFFS, JANE DOE AND JOHN DOE, AS PARENTS AND NATURAL GUARDIANS OF JANE ROE, A MINOR v. DEFENDANT, RED LION AREA SCHOOL DISTRICT)**

11.     Plaintiffs hereby incorporate the preceding paragraphs by reference as though fully set forth at length herein.

12.     Plaintiffs hereby incorporate the preceding paragraphs by reference as though fully set forth at length herein.

13.     Plaintiffs, John Doe and Jane Doe, are the Parents and Natural Guardians of Jane Roe, a Minor.

14.     Minor-Plaintiff was, at all times relevant hereto, age five (5).

15.     Minor-Plaintiff is female.

16.     It is believed, and therefore, averred that, at all times relevant hereto, Defendant, Red Lion Area School District, received Federal financial assistance for its educational programs and activities, and is therefore subject to Title IX of the Education Amendments of 1972 ("Title IX").

17.     On or about October 16, 2023, Minor-Plaintiff was sexually assaulted on her school bus by another student of Red Lion Area School District, who is male, with a prior history of sexual assault.

18.     Defendants failed to respond to a prior sexual assault by the same perpetrator against a previous female victim.

19.     Defendants had actual knowledge of the same assailant sexually assaulting another minor female student while riding one of the school buses and were deliberately indifferent to the same.

20.     The mother of another minor female student provided the following statement attached hereto as Exhibit "A" (redacted of the mother's name, father's name, and child's name):



**Bus incident. October 17th. Mr. [Michael] Langan[,] [t]he Principle [*sic.*] of Clearview elementary called me (** ████████   ████████ **) mother of** ████████  ████████ **to inform me that she was involved in a incident on the bus he stated that** ████████ **was kissed, and touched inappropriate by another student.  He said he revi[ew]ed the bus tapes and had seen it on the tapes this is the only time he has contacted me.**

**I had asked my daughter what this kid did to her and she said he pulled her shirt out looked down her shirt and would touch her in places that are private.  She also stated it happened more then once.**

**also Mr. Langan stated when he called that he was going to review the bus tapes for two week [*sic.*]**

**my daughter's dad called school and talked to Mr. Langan and he told** ████████ **my daughter's dad that he was going to take care of it to not take it to the news or anything to keep hush hush**

<u>See</u> Statement of Mother of Second Victim/Witness Statement (redacted of the mother's name, father's name, and child's name), a true and correct copy of which is

attached hereto as Exhibit "A," and redacted of the mother's name, father's name, and child's name, from the Statement.

21.    Defendants failed to adequately staff the school bus with monitors when they knew there was a student with a history of sexual assault on the school bus constituting deliberate indifference.

22.    On or about October 16, 2023, the bus driver failed to respond to the sexual assault of Minor-Plaintiff on the school bus.

23.    On or about October 16, 2023, the bus driver failed to separate the perpetrator from the victim on the school bus.

24.    On or about October 16, 2023, the Defendants, Red Lion Area School District and Michael Langan, failed to separate the victim and the perpetrator on different buses following Minor-Plaintiff being sexually assaulted.

25.    Defendants failed to report Minor-Plaintiff being sexually assaulted to ChildLine.

26.    It is believed and therefore averred that Mr. Michael Langan, Principal of Clearview Elementary School, is covered by 23 Pa. C.S. § 6311, pertaining to adults who are subject to mandatory reporting requirements in the Commonwealth of Pennsylvania.

27.    It is believed and therefore averred that Mr. Langan knew about but did not report the occurrence of child sexual abuse occurring on or about October 16, 2023, against Minor-Plaintiff, pursuant to 23 Pa. C.S. § 6311.

28.    It is believed and therefore averred that the driver of the subject bus is also covered by 23 Pa. C.S. § 6311, pertaining to adults who are subject to mandatory reporting requirements in the Commonwealth of Pennsylvania.

29.    It is believed and therefore averred that the driver of the subject bus did not report the occurrence of child sexual abuse occurring on or about October 16, 2023, against Minor-Plaintiff, pursuant to 23 Pa. C.S. § 6311.

30.    Defendants refused to separate the Plaintiff and the perpetrator on separate buses following Plaintiff's assault.  Following the perpetrator's assault of Plaintiff, on January 25, 2023, the perpetrator hurt/bruised Plaintiff's arm on the school bus.  A photograph was taken and the injury was documented by Mother-Plaintiff.

31.    Plaintiffs have suffered economic harms including past and future medical costs/expenses, of visits to Minor-Plaintiff's pediatrician, and future medical costs/expenses including therapy.

32.    Plaintiff suffered from the following injuries and damages on account of the discriminatory actions and/or failures to act on the part of the Defendants, to wit:

a.      Symptoms of post-traumatic stress;

b.      Avoidance;

c.      Fear;

d.      Difficulty interacting with and/or trusting others;

e.      Psychological symptoms and psychological trauma;

f.      Mental anguish, distress, and/or stress;

g.      Emotional distress;

h.      Intrusive unwanted thoughts;

i.      Pain and suffering;

j.      Humiliation and embarrassment;

k.      Loss of enjoyment of life and life's pleasures;

l.      Such other damages as revealed in discovery.

33.    Minor-Plaintiff's symptoms of post-traumatic stress have been characterized by avoidance including not wanting to ride the school bus, not wanting to go to school, and stating that Minor-Plaintiff wants to be adopted.

34.    Minor-Plaintiff's progress in school has suffered.

35.    Defendant, Red Lion Area School District, at all times relevant hereto, acted by and through its agent and employee, Michael Langan, who, at all times relevant hereto, acted within the course and scope of his employment with Defendant,

Red Lion Area School District, and in furtherance of the business interests of Defendant, Red Lion Area School District.

36.    All of Plaintiffs' losses are due to the actions of the Defendant, Red Lion Area School District, individually, and/or jointly and severally, without any lack of care or action or inaction of Plaintiffs or Minor-Plaintiff contributing thereto.

37.    Defendants were deliberately indifferent to sexual assault and harassment of which Defendants had actual knowledge.

38.    Defendants failed to provide prompt and appropriate action to prevent, correct, and remedy hostile-environment harassment based on sex.

39.    Plaintiff was subjected to a hostile educational environment and her progress in school has suffered.  Plaintiff does not want to get on the bus, go to school, and comments she wants to be adopted, or words to that effect.

40.    Plaintiff suffers from avoidance, fear, and unwanted intrusive thoughts related to the sexual assault as a consequence of Defendants' failure to act.

41.    Plaintiff has suffered emotional distress, pain and suffering, humiliation and embarrassment, and loss of enjoyment of life and life's pleasures, on account of Defendants' discrimination, and for which Plaintiff seeks damages.

**WHEREFORE**, Plaintiffs, Jane Doe and John Doe, as Parents and Natural Guardians of Jane Roe, a Minor, hereby requests judgment in their favor and against

Defendant, Red Lion Area School District, individually, and/or jointly and severally, in an amount in excess of $150,000.00, including past and future medical costs/expenses, economic damages, out-of-pocket expenses, actual damages, compensatory damages for pain and suffering, embarrassment and humiliation, loss of enjoyment of life and life's pleasures, and emotional distress, attorneys' fees, costs of suit, expert fees, and/or any other and further relief that this Court determines to be just, proper, and equitable.

## COUNT II:
## VIOLATION OF TITLE IX OF THE EDUCATION AMENDMENTS OF 1972, 20 U.S.C. § 1681 – HEIGHTENED RISK OF SEXUAL ASSAULT AND HARASSMENT
## (PLAINTIFFS, JANE DOE AND JOHN DOE, AS PARENTS AND NATURAL GUARDIANS OF JANE ROE, A MINOR v. DEFENDANT, RED LION AREA SCHOOL DISTRICT)

42.    Plaintiffs hereby incorporate the preceding paragraphs by reference as though fully set forth at length herein.

43.    Defendants failed to provide prompt and appropriate action in response to sexual assault and harassment of which Defendants had actual knowledge.

44.    Defendants, including Michael Langan, failed to report child sexual abuse ("CSA"), involving another female student, of which they had actual knowledge, pursuant to 23 Pa. C.S. § 6311, and the mandatory-reporting requirements in the Commonwealth of Pennsylvania.

45.     As a result of Defendants' failures to act and inactions as set forth above, Plaintiff was subsequently caused to be sexually assaulted by another student of Red Lion Area School District.

46.     Defendants placed Plaintiff at a heightened risk of sexual assault.

47.     On account of being placed at a heightened risk of sexual assault, on account of the Defendants' actions and/or inactions, as described more fully herein, Plaintiff was caused to suffer sexual assault by another student of Red Lion Area School District.

48.     Plaintiff was subjected to a hostile educational environment and her progress in school has suffered.  Plaintiff does not want to get on the bus, go to school, and comments she wants to be adopted, or words to that effect.

49.     Plaintiff suffers from avoidance, fear, and unwanted intrusive thoughts related to the sexual assault as a consequence of Defendants' failure to act.

50.     Plaintiff has suffered emotional distress, pain and suffering, humiliation and embarrassment, and loss of enjoyment of life and life's pleasures, on account of Defendants' discrimination, and for which Plaintiff seeks damages.

**WHEREFORE,** Plaintiffs, Jane Doe and John Doe, as Parents and Natural Guardians of Jane Roe, a Minor, hereby requests judgment in their favor and against Defendant, Red Lion Area School District, individually, and/or jointly and severally,

in an amount in excess of $150,000.00, including past and future medical costs/expenses, economic damages, out-of-pocket expenses, actual damages, compensatory damages for pain and suffering, embarrassment and humiliation, loss of enjoyment of life and life's pleasures, and emotional distress, attorneys' fees, costs of suit, expert fees, and/or any other and further relief that this Court determines to be just, proper, and equitable.

### COUNT III:
### 42 U.S.C. § 1983 – VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION
### (PLAINTIFFS, JANE DOE AND JOHN DOE, AS PARENTS AND NATURAL GUARDIANS OF JANE ROE, A MINOR v. DEFENDANTS, RED LION AREA SCHOOL DISTRICT AND MICHAEL LANGAN)

51.     Plaintiffs hereby incorporate the preceding paragraphs by reference as though fully set forth at length herein.

52.     At all times relevant hereto, Minor-Plaintiff had the right to be free from sexual assault and harassment.

53.     Defendants failed to provide prompt and appropriate action in response to sexual assault and harassment of which Defendants had actual knowledge.

54.     Defendants, including Michael Langan, failed to report child sexual abuse ("CSA"), involving another female student, of which they had actual

knowledge, pursuant to 23 Pa. C.S. § 6311, and the mandatory-reporting requirements in the Commonwealth of Pennsylvania.

55.    As a result of Defendants' failures to act and inactions as set forth above, Plaintiff was subsequently caused to be sexually assaulted by another student of Red Lion Area School District.

56.    Defendants have deprived Minor-Plaintiff of due process as Defendants had actual knowledge of the presence of a student with a history of sexual assault, on Minor-Plaintiff's school bus, and in spite of their actual knowledge, Defendants turned a blind eye and were indifferent to the risk causing Minor-Plaintiff to suffer sexual assault depriving her of due process as a matter of law.

57.    Defendants created the danger in which they placed Minor-Plaintiff by virtue of their knowledge that the student on Minor-Plaintiff's school bus had a prior history of sexual assault but turning a blind eye by permitting the student to continue to ride the same bus.

58.    By permitting a male student with a known history of sexual assault to continue to ride the same bus with other female students such actions and/or inactions deprived Plaintiff of due process of law.

59.    At all times relevant hereto, Defendant, Red Lion Area School District, operated a policy, practice, and/or custom of covering up sexual assaults.

60.     Defendant, Michael Langan, as Principal, had final decision-making authority.

61.     Defendant, Michael Langan, is sued in his individual capacity.

**WHEREFORE,** Plaintiffs, Jane Doe and John Doe, as Parents and Natural Guardians of Jane Roe, a Minor, hereby requests judgment in their favor and against Defendant, Red Lion Area School District, individually, and/or jointly and severally, in an amount in excess of $150,000.00, including past and future medical costs/expenses, economic damages, out-of-pocket expenses, actual damages, compensatory damages for pain and suffering, embarrassment and humiliation, loss of enjoyment of life and life's pleasures, punitive damages, and emotional distress, attorneys' fees, costs of suit, expert fees, and/or any other and further relief that this Court determines to be just, proper, and equitable.

**COUNT IV:**
**42 U.S.C. § 1983 – VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION – DISCRIMINATION BASED ON SEX (PLAINTIFFS, JANE DOE AND JOHN DOE, AS PARENTS AND NATURAL GUARDIANS OF JANE ROE, A MINOR v. DEFENDANTS, RED LION AREA SCHOOL DISTRICT AND MICHAEL LANGAN)**

62.     Plaintiffs hereby incorporate the preceding paragraphs by reference as though fully set forth at length herein.

63.    Minor-Plaintiff is female.

64.    At all times relevant hereto, Minor-Plaintiff was subjected to sexual assault and harassment by another student of Red Lion Area School District.

65.    Defendants failed to provide prompt and appropriate action in response to sexual assault and harassment against Minor-Plaintiff of which Defendants had actual knowledge.

66.    Defendants, including Michael Langan, failed to report child sexual abuse ("CSA"), involving another female student, of which they had actual knowledge, pursuant to 23 Pa. C.S. § 6311, and the mandatory-reporting requirements in the Commonwealth of Pennsylvania.

67.    As a result of Defendants' failures to act and inactions as set forth above, Plaintiff was subsequently caused to be sexually assaulted by another student.

68.    Defendants fostered a hostile educational environment based on sex causing Minor-Plaintiff's progress in school to suffer.

69.    Defendants have denied Plaintiff the equal protection of the law based on her sex/gender as they have denied Plaintiff equal educational opportunities based on her sex/gender.

70.    Defendants have denied Plaintiff equal protection of the law based on her sex/gender as they had actual knowledge of the presence of a student with a

history of sexual assault, on Minor-Plaintiff's school bus, and in spite of their actual knowledge, Defendants turned a blind eye and were indifferent to the risk causing Minor-Plaintiff to be sexually assaulted.

71.    By permitting a male student with a known history of sexual assault to continue to ride the same bus with other female students, such actions and/or inactions constituted discrimination based on sex/gender as they have deprived Minor-Plaintiff of equal educational opportunities on account of her sex/gender.

72.    At all times relevant hereto, Defendant, Red Lion Area School District, operated a policy, practice, and/or custom of covering up sexual assaults of female students, amounting to the denial of educational opportunities to female students, constituting discrimination based on sex/gender.

73.    Defendant, Michael Langan, as Principal, had final decision-making authority.

74.    Defendant, Michael Langan, is sued in his individual capacity.

**WHEREFORE,** Plaintiffs, Jane Doe and John Doe, as Parents and Natural Guardians of Jane Roe, a Minor, hereby requests judgment in their favor and against Defendant, Red Lion Area School District and Michael Langan, individually, and/or jointly and severally, in an amount in excess of $150,000.00, including past and future medical costs/expenses, economic damages, out-of-pocket expenses, actual damages,

compensatory damages for pain and suffering, embarrassment and humiliation, loss of enjoyment of life and life's pleasures, punitive damages, and emotional distress, attorneys' fees, costs of suit, expert fees, and/or any other and further relief that this Court determines to be just, proper, and equitable.

## COUNT V:
## NEGLIGENCE
## (PLAINTIFFS, JANE DOE AND JOHN DOE, AS PARENTS AND NATURAL GUARDIANS OF JANE ROE, A MINOR v. DEFENDANTS, RED LION AREA SCHOOL DISTRICT AND MICHAEL LANGAN)

75.   Plaintiffs hereby incorporate the preceding paragraphs by reference as though fully set forth at length herein.

76.   Plaintiffs, John Doe and Jane Doe, are the Parents and Natural Guardians of Jane Roe, a Minor.  Minor-Plaintiff was, at all times relevant hereto, age five (5).

77.   Plaintiffs entrusted the care of their child, Minor-Plaintiff, to Defendants, and expected Defendants to keep Minor-Plaintiff safe from being sexually assaulted.

78.   Defendants, at all times relevant hereto, had a duty to ensure that children under their care and supervision were kept safe from being sexually assaulted.

79.   Defendants, at all times relevant hereto, had a special relationship with respect to Minor-Plaintiff such that Defendants had a duty to ensure that Minor-

Plaintiff while under their care and supervision was kept safe from being sexually assaulted.

80.    On or about October 16, 2023, Minor-Plaintiff was sexually assaulted by another student of Red Lion Area School District.

81.    Defendants breached their duties to Plaintiffs, including breaching duties to Minor-Plaintiff, and Defendants were negligent, careless, and reckless,

82.    Defendants failed to expel, suspend, and/or otherwise exclude the perpetrator from riding the same bus with other female students, after Defendants received notice and had actual knowledge of the perpetrator's prior history of sexual assault.

83.    As a direct and proximate result of the negligence, carelessness, and recklessness of Defendants, Minor-Plaintiff was caused to be sexually assaulted on the school bus.

84.    Defendants failed to separate the perpetrator from the victim on different buses following Minor-Plaintiff being sexually assaulted on or about October 16, 2023.

85.    It is believed and therefore averred that Defendants failed to report Minor-Plaintiff being sexually assaulted to ChildLine.

86.     Defendants' negligence, carelessness, and/or recklessness directly caused harm to Minor-Plaintiff.

87.     Defendants' negligence, carelessness, and/or recklessness increased the risk of harm to Minor-Plaintiff.

88.     Defendants' negligence, carelessness, and/or recklessness, directly caused and/or increased the risk of economic harms including past and future medical costs/expenses, of visits to Minor-Plaintiff's pediatrician, and future medical costs/expenses including therapy.

89.     As a direct and proximate result of Defendants' negligence, carelessness, recklessness, and Defendants' breaches of duties to Plaintiff, Minor-Plaintiff suffered from the following injuries and damages including, but not limited to:

        a.     Symptoms of post-traumatic stress;

        b.     Avoidance;

        c.     Fright;

        d.     Difficulty interacting with and/or trusting others;

        e.     Psychological symptoms and psychological trauma;

        f.     Mental anguish, distress, and/or stress;

        g.     Emotional distress;

        h.     Intrusive unwanted thoughts;

     i.      Pain and suffering;

     j.      Humiliation and embarrassment;

     k.      Loss of enjoyment of life and life's pleasures;

     l.      Such other damages as revealed in discovery.

90.    Minor-Plaintiff's symptoms of post-traumatic stress have been characterized by avoidance including not wanting to ride the school bus, not wanting to go to school, and stating that Minor-Plaintiff wants to be adopted.

91.    Minor-Plaintiff's progress in school has suffered.

92.    Minor-Plaintiff will suffer future lost wages and lost future earning capacity.

93.    All of Plaintiff's losses are due to the negligence, carelessness, and recklessness of Defendants, individually, and/or jointly and severally, without any lack of care or action or inaction of Plaintiffs or Minor-Plaintiff contributing thereto.

94.    Defendants had actual and/or constructive knowledge of the same assailant sexually assaulting another minor student.  Defendants failed to respond to a prior sexual assault by the same perpetrator against a previous female victim.  The mother of another minor student provided the following statement attached hereto as Exhibit "A" (redacted of the mother's name, father's name, and child's name):

**Bus incident. October 17th. Mr. [Michael] Langan[,] [t]he Principle [*sic.*] of Clearview elementary called me (█████████ ███████████) mother of █████████████ to inform me that she was involved in a incident on the bus he stated that ████████ was kissed, and touched inappropriate by another student.  He said he revi[ew]ed the bus tapes and had seen it on the tapes this is the only time he has contacted me.**

**I had asked my daughter what this kid did to her and she said he pulled her shirt out looked down her shirt and would touch her in places that are private.  She also stated it happened more then once.**

**also Mr. Langan stated when he called that he was going to review the bus tapes for two week [*sic.*]**

**my daughter's dad called school and talked to Mr. Langan and he told ████████ my daughter's dad that he was going to take care of it to not take it to the news or anything to keep hush hush**

<u>See</u> Statement of Mother of Second Victim/Witness Statement, a true and correct copy of which is attached hereto as Exhibit "A," and redacted of the mother's name, father's name, and child's name, from the Statement.

95.    Under these circumstances, Defendants' recklessness warrants the imposition of punitive damages.

96.    All of Plaintiff's losses are due to the negligence, carelessness, and recklessness of Defendants, individually, and/or jointly and severally, without any lack of care or action or inaction of Plaintiffs or Minor-Plaintiff contributing thereto.

97.     Plaintiff has timely provided the notice contemplated under 42 Pa. C. S. § 5522 to Defendant, Red Lion Area School District, and the Pennsylvania Attorney General.

**WHEREFORE,** Plaintiffs, Jane Doe and John Doe, as Parents and Natural Guardians of Jane Roe, a Minor, demands judgment in their favor and against Defendants, Red Lion Area School District and Michael Langan, jointly and severally, in an amount in excess of $50,000.00, plus economic damages, actual damages, past and future medical and psychological expenses, future lost wages and future lost earning capacity, compensatory damages for pain and suffering, humiliation and embarrassment, loss of enjoyment of life and life's pleasures, punitive damages, interest, costs, delay damages, and such other and further relief as the Court may deem just, proper, and equitable.

## **JURY DEMAND**

Plaintiffs hereby demand a jury of eight (8) members on all counts so triable.

**Respectfully submitted,**


**DATED: 01/26/2024**          **BY:   /s/ Justin F. Robinette, Esquire**
                              **Justin Robinette, Esquire**
                              **Supreme Court I.D. # 319829**
                              **P.O. Box 15190**
                              **Philadelphia, PA 19130-9998**
                              **Tel: (267) 595-6254**
                              **Fax: (267) 592-3067**

**<u>Justin@SexualAssaultLawyer.org</u>**

*Attorney for Plaintiffs*